**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| Cornerstone Enterprises of Greenwood, Inc., | ) | Case No. 17-03127-hb |
| | ) | |
| Debtor, | ) | |
| | ) | |
| _____ | ) | Adversary No. 18-80027-hb |
| | | |
| John K. Fort, Trustee, | ) | |
| | ) | **PLAINTIFF'S MEMORANDUM IN** |
| Plaintiff, | ) | **SUPPORT OF SUMMARY JUDGMENT** |
| | ) | |
| vs. | ) | |
| | ) | |
| Earl Brewington, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Comes now Plaintiff, John K. Fort, Trustee, by and through counsel, and hereby submits the foregoing legal memorandum in support of his Motion for Summary Judgment against Defendant. For the reasons set forth herein, Plaintiff's Motion for Summary Judgment should be granted.

## STATEMENT OF FACTS

On June 26, 2017, Debtor filed a voluntary Chapter 7 petition, which initiated the present bankruptcy. (Case 17-03127-hb, Doc 1.) Defendant received a payment from Debtor totaling $51,237.32 on or within ninety (90) days before the Petition Date. A copy of Debtor's bank statement showing the wire transfer is attached hereto as **Exhibit A** and incorporated herein by reference.

## ARGUMENT

**A.     Standard of Review**

The Fourth Circuit has laid out its standard of review for summary judgment as follows:

> A court may award summary judgment only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *In re Apex Express Corp.,* 190 F.3d 624, 633 (4th Cir.1999); *see also* Fed. R. Civ. Proc. 56…. In evaluating a summary judgment motion, a court "must consider whether a reasonable jury could find in favor of the non-moving party, taking all inferences to be drawn from the underlying facts in the light most favorable to the non-movant." *Apex Express Corp.,* 190 F.3d at 633. In so doing, a court is not entitled to either weigh the evidence or make credibility determinations. *See Anderson,* 477 U.S. at 255, 106 S.Ct. 250….

*In re French*, 499 F.3d 345, 351-52 (4th Cir. 2007). "Once the moving party discharges its burden by showing that there is an absence of evidence to support the nonmoving party's case, the nonmoving party then must come forward with specific facts showing that there is a genuine issue for trial" *Honor v. Booz-Allen & Hamilton, Inc.*, 383 F.3d 180, 185 (4th Cir. 2004). "The moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof" *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). Based upon all applicable standards, summary judgment is proper for Plaintiff in this case.

**B.     Debtor's payment to Defendant constitutes an avoidable preference 11 U.S.C. § 547.**

11 U.S.C. § 547(b) reads, in relevant part:

[T]he trustee may avoid any transfer of an interest of the debtor in property--
(1)  to or for the benefit of a creditor;
(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
(3) made while the debtor was insolvent;
(4) made--
(A) on or within 90 days before the date of the filing of the petition;

> …; and
> (5) that enables such creditor to receive more than such creditor would receive if--
> (A) the case were a case under chapter 7 of this title;
> (B) the transfer had not been made; and
> (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

It is undisputed that the transfer at issue was made within ninety days before the petition date. The Debtor's insolvency can also not be disputed, not only because insolvency is presumed in the ninety days before the petition date[1], but also because the Debtor has testified, through its principal, Melvin L. Wimmer, Jr., that the Debtor did not have enough assets to pay its debts in the two years prior to filing bankruptcy. (Wimmer Depo.[2] at 12-13).

In his Answer, the Defendant raises "Ordinary Course of Business" as an affirmative defense under 11 U.S.C. § 547(c)(2), which reads:

> The trustee may not avoid under this section a transfer—
> …
> to the extent that such transfer was in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee, and such transfer was--
> (A) made in the ordinary course of business or financial affairs of the debtor and the transferee; or
> (B) made according to ordinary business terms.

While the Defendant bears the burden of proving this, the Defendant cannot do so as there was no course of dealing between the parties to gauge whether this transaction was "ordinary."

> Even if the debtor's business transactions were irregular, they may be considered 'ordinary' for purposes of § 547(c)(2), (A) and (B) if those transactions were consistent with the course of dealings between the particular parties. …

> In applying these standards it appears that the essential preliminary question is whether the subject transaction was the result of any unusual action by the specific debtor or creditor.

*In re Hoffman Associates, Inc.*, 194 B.R. 943, 954 (Bankr. D.S.C. 1995).

---

[1] 11 U.S.C. § 547(f)

[2] A copy of which is attached hereto as Exhibit B.

The transfer here was one lump sum payment from the Debtor to Defendant. There was no prior course of dealing between these parties other than the investments Defendant had previously made with Debtor.

## CONCLUSION

The Defendant has no claim, authorized under the Bankruptcy Code or by this Court, to the transfer he received. As such, under 11 U.S.C. § 547, the transfer of these funds should be avoided and immediately turned over to the Plaintiff for the benefit of the Bankruptcy Estate, or a Judgment should be entered in favor of the Plaintiff against the Defendant in the amount of Fifty-One Thousand Two Hundred Thirty-Seven and 32/100 Dollars ($51,237.32), together with interest, plus Plaintiff's costs.

In light of the foregoing, and after considering the evidence in the light most favorable to the Defendant, the Plaintiff is entitled to summary judgment as a matter of law. There simply is no evidence that would establish a genuine issue of material fact for trial regarding Defendant's transactions.

Respectfully submitted,

**ROE CASSIDY COATES & PRICE, P.A.**

/s/Joshua J. Hudson_____
Joshua J. Hudson, Fed. ID No. 11620
jhudson@roecassidy.com
Roe Cassidy Coates & Price, P.A.
Post Office Box 10529
Greenville, SC 29603
(864) 349-2600
*Attorneys for Trustee*

Greenville, South Carolina

September 18, 2018