**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| Cornerstone Enterprises of Greenwood, Inc., | ) | Case No. 17-03127-hb |
| | ) | |
| Debtor, | ) | |
| | ) | |
| _____ | ) | Adversary No. 18-80027-hb |
| | | |
| John K. Fort, Trustee, | ) | |
| | ) | **PLAINTIFF'S MEMORANDUM IN** |
| Plaintiff, | ) | **OPPOSITION TO DEFENDANT'S** |
| | ) | **MOTION FOR SUMMARY JUDGMENT** |
| vs. | ) | |
| | ) | |
| Earl Brewington, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Comes now Plaintiff, John K. Fort, Trustee, by and through counsel, and hereby submits

the foregoing legal memorandum in opposition to Defendant's Motion for Summary Judgment.

For the reasons set forth herein, Defendant's Motion for Summary Judgment should be denied.

## <u>INSOLVENCY</u>

First, nowhere in *In re Martin*, 403 B.R. 359 (Bankr. D.S.C. 2009) does the Court hold

generally that a 2004 Examination can only be offered to impeach a witness. The Court in that

particular case made that holding specific to those facts, as there was a dispute as to whether a

2004 Examination should take place. A 2004 Examination is sworn testimony, just like a

deposition, and can be used for purposes of summary judgment.

Second, if the Court were inclined to require more of a basis for insolvency short of a full

accounting at the expense of the Bankruptcy Estate, many courts in other jurisdictions have held

that Ponzi schemes, much like what the Debtor operated here, are by definition insolvent at all

times. *See Donell v. Kowell,* 533 F.3d 762, 770–771 (9th Cir. 2008); *Judith A. Wagner v. (In re Vaughan Co. Realtors)*, 500 B.R. 778, 791 (Bankr. D.N.M. 2013); *Armstrong v. Collins,* 2010 WL 1141158, \*21 (S.D.N.Y. 2010); *Schneider v. Barnard*, 508 B.R. 533, 551 (E.D.N.Y. 2014); *Ivey v. Swofford (In re Whitley),* 463 B.R. 775, 784 (Bankr. M.D.N.C. 2012); *Picard v. Madoff (In re Bernard L. Madoff Inv. Sec. LLC),* 458 B.R. 87, 110 n. 15 (Bankr. S.D.N.Y. 2011); and *Daly v. Deptula (In re Carrozzella & Richardson),* 286 B.R. 480, 486 (D. Conn. 2002).

Third, Defendant's argument about Cornerstone Capital, LLC has no merit. Lee Wimmer testified at his 2004 Examination that Cornerstone Capital, LLC was owned and controlled by the Debtor, had no separate bank account or tax identification number, and no reporting. (Wimmer Depo.[1] at 7-9).

## ORDINARY COURSE OF BUSINESS

The ordinary course of business defense is "intended to protect recurring, customary credit transactions that are incurred and paid in the ordinary course of business of the debtor and the debtor's transferee." *In re Hedged-Investments Ass., Inc.*, 48 F.3d 470, 475 (10th Cir. 1995). The Defendant presents no evidence of any course of dealing between the Defendant and the Debtor. Additionally, "a Ponzi scheme is not a business, and … transfers related to the scheme are not within the 'ordinary course of business.'" *Henderson v. Buchanan*, 985 F.2d 1021, 1025 (9th Cir. 1993).

## CONCLUSION

In light of the foregoing, the Defendant's Motion for Summary Judgment should be denied. Additionally, the Defendant has no claim, authorized under the Bankruptcy Code or by this Court, to the transfer he received. As such, under 11 U.S.C. § 547, the transfer of these funds should be

---

[1] A copy of which is attached hereto as Exhibit A.

avoided and immediately turned over to the Plaintiff for the benefit of the Bankruptcy Estate, or a

Judgment should be entered in favor of the Plaintiff against the Defendant in the amount of Fifty-

One Thousand Two Hundred Thirty-Seven and 32/100 Dollars ($51,237.32), together with

interest, plus Plaintiff's costs.

Respectfully submitted,

**ROE CASSIDY COATES & PRICE, P.A.**

/s/Joshua J. Hudson_____
Joshua J. Hudson, Fed. ID No. 11620
jhudson@roecassidy.com
Roe Cassidy Coates & Price, P.A.
Post Office Box 10529
Greenville, SC 29603
(864) 349-2600
*Attorneys for Trustee*

Greenville, South Carolina

October 26, 2018